**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA**

Case No.

SANDRA WURM, individually and
on behalf of all others similarly situated,

     Plaintiff,

vs.                                      **Class Action**

MAELYS COSMETICS USA, INC.,          **Jury Trial Demand**

     Defendant.
_____/

**CLASS ACTION COMPLAINT**
and
**JURY DEMAND**

Plaintiff, Sandra Wurm, individually, and on behalf of all others similarly situated ("Plaintiffs"), brings this class action against Defendant, Maelys Cosmetics USA, Inc. ("Maelys Cosmetics"), and alleges as follows.

**PRELIMINARY STATEMENT**

1.     This is an action for injunctive and declaratory relief, and damages for violations of the Caller ID Rules, Fla. Stat. § 501.059(8)(b), of the Florida Telephone Solicitation Act ("FTSA"). The FTSA's Caller ID Rules apply to solicited and consented to Telephonic Sales Calls, and as such, claims for Caller ID Rules violations are not subject to Fla. Stat. § 501.059(10)(c), which requires notice and an opportunity to cease sending unwanted text message solicitations, before claims for "text message solicitations ... the called party does not consent to receive" can be brought.

1

**Exhibit A**

2.      The FTSA's Caller ID Rules require that persons making Telephonic Sales Calls[1] transmit – to the consumer's caller identification service – a telephone number that is capable of receiving telephone calls.  And, unlike claims for damages for text message solicitations the called party does not consent to receive, claims for violations of the Caller ID Rules are equally applicable to all Telephonic Sales Calls (phone calls, text messages, or voicemails), regardless of whether they are solicited or consented to, and irrespective of whether the offending phone call, text message or voicemail is traditional, automated, or recorded.

3.      The Caller ID Rules are a critical provision of the FTSA that are designed to ensure that when Telephonic Sales Calls are made, the phone number transmitted to the recipient's Caller ID service can be both viewed and called back by the consumer.  Put simply, the Florida Legislature has mandated that when callers make Telephonic Sales Calls to consumers, they at the very least must transmit to the consumer's Caller ID service a telephone number that can be viewed and is capable of receiving telephone calls.

4.      The importance and purpose of these protections is unmistakable, and because the Caller ID Rules dictate what information must be transmitted whenever a person makes any Telephonic Sales Call – including Telephonic Sales Calls that are desired and/or solicited by the called party – violations of the Caller ID Rules cannot be remedied

---

[1] "Telephonic Sales Call" is defined as "a telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes."  Fla. Stat. § 501.059(1)(j).

by the cessation of the Telephonic Sales Calls themselves[2] and cannot be consented to or waived by the recipient(s) of the Telephonic Sales Calls.

5.      In short, whenever a person either makes any type of Telephonic Sales Call or causes one to be made, that person must ensure that a telephone number is transmitted with that Telephonic Sales Call to the consumer's Caller ID service that is capable of receiving telephone calls.   Whenever Telephonic Sales Call are made without the transmission of a telephone number that is capable of receiving telephone calls, the Caller ID Rules have been violated and the aggrieved party may bring an action for liquidated damages, and injunctive and declaratory relief.

6.      In direct contravention of the Caller ID Rules, however, many callers, such as Defendant, make Telephonic Sales Calls a central part of their marketing strategy, and in doing so, intentionally transmit telephone numbers to recipient's Caller ID services that are not capable of receiving telephone calls.

7.      As such, Plaintiff, brings this action alleging that Defendant violated the FTSA's Caller ID Rules by transmitting a phone number that was not capable of receiving phone calls when it made Telephonic Sales Calls by text message ("Text Message Sales Calls").

8.      Specifically, Defendant made Text Message Sales Calls that promoted Maelys Cosmetics ("Maelys Cosmetics Text Message Sales Calls") and violated the Caller ID Rules when it transmitted to the recipients' caller identification services a telephone number that was not capable of receiving telephone calls.

---

[2] *See* Fla. Stat. § 501.059(10)(c), Florida Statutes (notice and cure prerequisite to "claims for damages for text message solicitations ... the called party does not consent to receive").

9.      Plaintiff, individually and on behalf of a class of persons similarly situated, seeks liquidated damages for each violation.

10.      Plaintiff, individually and on behalf of a class of persons similarly situated, further seeks injunctive relief to ensure Defendant complies with the Caller ID Rules when it makes Maelys Cosmetics Text Message Sales Calls.

## JURISDICTION AND VENUE

11.      This is an action for damages that in the aggregate for the Plaintiff Class are in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorneys' fees.    Moreover, the Circuit Court has jurisdiction pursuant to Florida Statutes §§ 26.012(2)(c) and 26.012(3), as this action seeks declaratory and injunctive relief pursuant to the FTSA to ensure Defendant complies with the Caller ID Rules when it makes Maelys Cosmetics Text Message Sales Calls.

12.      This Court has personal jurisdiction over Defendant as it is engaged in solicitation or service activities within this state of Florida, and Defendant's products, materials, or things processed, serviced, or manufactured by the Defendant are used or consumed within the state of Florida in the ordinary course of commerce, trade, or use.

13.      Venue is proper in this Circuit, as the cause of action accrued in Lee County, Florida.

**PARTIES**

14.     Plaintiff, Sandra Wurm, is the regular user of a cellular telephone number that receives Defendant's telephonic sales calls ("Plaintiff's Cell Phone"), and Plaintiff resides in Lee County, Florida.

15.     Defendant, Maelys Cosmetics USA, Inc., is registered as a Foreign Corporation, which sells various goods to persons throughout the country, including Florida, through its online store.

**GENERAL ALLEGATIONS**

16.     Plaintiff's Cell Phone has received Maelys Cosmetics Text Message Sales Calls, including:

5

17.     Defendant transmitted 78840 to Plaintiff's Cell Phone's caller identification service when it made the Maelys Cosmetics Text Message Sales Calls.

18.     Plaintiff called 78840 and call could not be completed.

19.     As such, with each Maelys Cosmetics Text Message Advertisement, Defendant transmitted a telephone number to the Caller ID Service of Plaintiff and the Plaintiff Class that was not capable of receiving telephone calls, as explicitly required by the FTSA's Caller ID Rules.

20.     The FTSA's Caller ID Rules require any person "who makes a telephonic sales call or causes a telephonic sales call to be made to … transmit … the originating telephone number," or, as a substitution, "the name of the seller on behalf of which a telephonic sales call is placed and the seller's customer service telephone number, which is answered during regular business hours" ("Customer Service Number"), to the recipient's caller identification service.

21.     Whether transmitting the originating telephone number or the Customer Service Number, a person violates the Caller ID Rules when it makes a telephonic sales call or causes a telephonic sales call to be made and fails to "ensure that [the] telephone number [transmitted to the recipient's caller identification service] is capable of receiving telephone calls."

22.     Here, Defendant made Maelys Cosmetics Text Message Sales Calls to Plaintiff and the Plaintiff Class and, in doing so, transmitted to the Plaintiff's and the Plaintiff Class's caller identification service a telephone number that was not capable of receiving telephone calls.

6

23.    As such, Plaintiff, individually and on behalf of a class of persons similarly situated, sues Defendant for its actions that violate the FTSA's Caller ID Rules.

## CLASS REPRESENTATION ALLEGATIONS

24.    Plaintiff brings this action as a class action, pursuant to Rule 1.220(a) and 1.220(b)(2) and 1.220(b)(3), Florida Rules of Civil Procedure, for liquidated damages on behalf of itself and a class of all persons similarly situated, and injunctive and declaratory relief concerning the class as a whole.

25.    Plaintiff brings this class action pursuant to the FTSA's Caller ID Rules, and is a member of and seeks to represent a class of persons ("Plaintiff Class") defined as:

> All persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when Maelys Cosmetics Text Message Sales Calls were made to them, since July 1, 2021.

26.    Class Size (Fla. R. Civ. P. 1.220(a)(1)): Plaintiff, upon information and belief, avers that the proposed class exceeds 100 members. The class size is so numerous that joinder of all members is impracticable and uneconomical.

27.    Commonality (Fla. R. Civ. P. 1.220(a)(2)): There are questions of law and fact common to all members of the Plaintiff Class. Common material questions of fact and law include, but are not limited to, the following:

a.    whether Defendant violated the FTSA's Caller ID Rules by transmitting a phone number to Plaintiffs' Caller ID Service that was incapable of receiving telephone calls when it made Maelys Cosmetics Text Message Sales Calls to Plaintiffs;

b.    whether Plaintiffs are entitled to liquidated damages;

c.  whether Plaintiffs are entitled to a declaration that Defendant violated the Caller ID Rules; and

d.  whether Plaintiffs are entitled to an injunction requiring Defendant to transmit to Plaintiffs' caller identification services a telephone number that is capable of receiving telephone calls when making Maelys Cosmetics Text Message Sales Calls.

28.    Typicality (Fla. R. Civ. P. 1.220(a)(3)): The claims of the named Plaintiff are typical of the claims of all members of the Plaintiff Class.  Defendant made Maelys Cosmetics Text Message Sales Calls to Plaintiffs and transmitted to Plaintiffs' caller identification service a telephone number that was incapable of receiving telephone calls. Plaintiff raises questions of fact and law common to the Plaintiffs, and Plaintiffs' injuries arise from the same conduct as all members of the Plaintiff Class.  Defendant has acted in the same or in a similar manner with respect to the named Plaintiff and all members of the Plaintiff Class.

29.    Fair and Adequate Representation (Fla. R. Civ. P. 1.220(a)(4)): The named Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff is committed to this cause, will litigate vigorously, and is aware of the fiduciary duties of a class representative.  Plaintiff's interests are consistent with and not antagonistic to the interests of the Plaintiff Class**.**  Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent herself and the Plaintiff Class.

30.    Class counsel is experienced in class action litigation and has successfully litigated class claims under consumer protection and civil rights statutes.

8

31.  <u>Predominance and Superiority (Fla. R. Civ. P. 1.220(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties.  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.  proof of Plaintiff's claims will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings;

b.  evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of its agents who made the Maelys Cosmetics Text Message Sales Calls) and will not require individualized or separate inquiries or proceedings;

c.  Defendant has acted and may be continuing to act pursuant to common policies or practices by making the Maelys Cosmetics Text Message Sales Calls to Plaintiff and the Plaintiff Class and, in doing so, transmitting to Plaintiff and the Plaintiff Class's caller identification service a telephone number that was incapable of receiving telephone calls;

d.  the amount likely to be recovered by individual class members does not support individual litigation;

e.  a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f.  this case is inherently manageable as a class action in that:

9

i. Defendant or its agent(s) identified the persons or entities to make the Maelys Cosmetics Text Message Sales Calls to and it is believed that Defendant's computer and business records, or those of its agents, will enable the Plaintiff to readily identify class members and establish liability;

ii. liability and liquidated damages can be established for the Plaintiff and for the Plaintiff Class with the same common proofs;

iii. liquidated damages for violations of the FTSA are the same for each class member;

iv. a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

v. a class action will contribute to uniformity of decisions concerning Defendant's practices; and

vi. as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

<u>**Count 1**</u>
<u>**Claim for Relief for Violations of the FTSA's Caller ID Rules**</u>

32. Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 31, above.

33. This is an action by named Plaintiff, Sandra Wurm, and the Plaintiff Class against Defendant Maelys Cosmetics for violating the Caller ID Rules of the FTSA (Fla. Stat. § 501.059(8)(b)).

34. Defendant, Maelys Cosmetics USA, Inc., violated the FTSA's Caller ID Rules by making Maelys Cosmetics Text Message Sales Calls to Plaintiffs, and in doing

10

so, transmitted to Plaintiffs' caller identification service a telephone number that was not capable of receiving telephone calls.

35.    The named Plaintiff and the members of the Plaintiff Class are entitled to $500 in liquidated damages against Defendant for each violation of the Caller ID Rules.

36.    The named Plaintiff and the members of the Plaintiff Class are entitled to a declaration that Defendant's actions, as set out above, violate the FTSA's Caller ID Rules.

37.    The named Plaintiff and the members of the Plaintiff Class are entitled to an injunction requiring Defendant to transmit to Plaintiffs' caller identification services a telephone number that is capable of receiving telephone calls.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, Maelys Cosmetics USA, Inc., and requests an order:

A.    certifying this action as a class action pursuant to Rule 1.220, appointing Plaintiff, Sandra Wurm, as the representative of the class, and appointing Plaintiff's undersigned counsel as counsel for the Plaintiff Class;

B.    finding that Defendant, Maelys Cosmetics, made Maelys Cosmetics Text Message Sales Calls to Plaintiff and the Plaintiff Class, and, in doing so, transmitted to Plaintiffs' caller identification services a telephone number that was not capable of receiving telephone calls in violation of the FTSA's Caller ID Rules;

C.    finding that Defendant, Maelys Cosmetics USA, Inc. is liable to pay liquidated damages of $500 for each violation of the FTSA's Caller ID Rules;

11

D.  declaring that Defendant's actions, as set out above, violate the FTSA's Caller ID Rules;

E.  entering an injunction requiring Defendant to transmit to Plaintiffs' caller identification services a telephone number that is capable of receiving telephone calls when making Maelys Cosmetics Text Message Sales Calls;

F.  entering a judgment in favor of the Plaintiff and the Plaintiff Class for the total amount of liquidated damages plus pre-judgment interest and allowable costs;

G.  requiring Defendant Maelys Cosmetics to pay a court appointed trustee the full amount of liquidated damages, interest and costs to be distributed to the Plaintiffs after deducting costs and fees as determined by the Court;

H.  awarding reasonable attorneys' fees, and reimbursing the costs advanced for Plaintiffs;

I.  granting an incentive bonus to Plaintiff for Plaintiff's efforts as Class Representative; and

J.  granting further and other relief as may be appropriate.

## **JURY DEMAND**

Plaintiff and the Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com

12

Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698
(202) 709-5744
(866) 893-0416 (Fax)
Attorneys for the Plaintiff

By:    _s/ Shawn A. Heller_____
            Shawn A. Heller, Esq.

13